# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3954 | **DATE** | 6-16-2011 |
| **CASE TITLE** | U.S. ex rel. Willon B. Wallace (#B-75695) vs. Warden Andrew K. Ott | | |

**DOCKET ENTRY TEXT:**

Petitioner Willon B. Wallace's motion for leave to proceed *in forma pauperis* [3] is granted. Wallace is ordered to show good cause in writing, by 7/21/2011, why the petition should not be summarily dismissed on preliminary review as procedurally defaulted and/or time-barred. Failure to show cause by 7/21/2011 will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Wallace is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Petitioner Willon B. Wallace, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition concerns Wallace's 2002 conviction for home invasion and maintains that: (1) his trial and appellate counsel were ineffective; (2) his re-sentencing violated the Double Jeopardy Clause; (3) he was erroneously re-indicted on dismissed counts; (4) the enhanced sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (5) a post-conviction petition was improperly dismissed as untimely.

Wallace having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. However, Wallace is ordered to show good cause in writing why the petition should not be dismissed as procedurally defaulted or, in the alternative, as time-barred.

A state inmate seeking habeas relief under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). "Fair presentment … requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Wallace filed a direct appeal to the Appellate Court of Illinois, but he did **(CONTINUED)**

mjm

not seek leave to appeal to the Supreme Court of Illinois. Doc. 1 at 2-3. Because Wallace did not present any of his claims in a "full round" of appellate review in state court, it would appear that he procedurally defaulted those claims, and therefore that he cannot seek federal habeas review. *See Smith v. McKee*, 598 F.3d 374, 383 (7th Cir. 2010). Wallace suggests that his failure to seek review from the state supreme court was due to lockdowns that prevented his access to the law library, but Wallace does not appear to have sought an extension of time from the state supreme court or made any other effort to rectify his failure to seek timely review. Wallace should address these issues in his response to the order to show cause.

In addition, Wallace's petition appears to be untimely. Under the habeas statute, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period initially ran from January 13, 2006, when his case concluded on direct review. "The time period during which a *properly filed* application for State post-conviction or other collateral review … is pending shall not count toward any period of limitation … ." 28 U.S.C. § 2244(d)(2) (emphasis added). Wallace filed a post-conviction petition on October 10, 2006. However, because the post-conviction petition was denied as untimely, it cannot be deemed "properly filed" under § 2244(d)(2), which means that Wallace is not entitled to statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Simms v. Acevedo*, 595 F.3d 774, 777 (7th Cir. 2010); *Smith v. Battaglia*, 415 F.3d 649, 653 (7th Cir. 2005) ("We recognize that *Pace* holds that a state post-conviction petition that has been rejected by the state court as untimely is not 'properly filed' for purposes of § 2244(d)(2)."). Moreover, the lack of a law library does not qualify as "extraordinary circumstances" warranting equitable tolling. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *U.S. ex rel. Ford v. Page*, 132 F. Supp. 2d 1112, 1115 (N.D. Ill. 2001) (run-of-the-mill claim of ignorance of law not sufficient to warrant equitable tolling); *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999) (fact that prison was sometimes on lock-down, preventing access to prison law library, did not establish "extraordinary circumstances" justifying equitable tolling). It would appear, then, that Wallace is not entitled to tolling and therefore that he filed his federal habeas petition several years after the one-year limitations period had passed.

For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as procedurally defaulted or, in the alternative, as time-barred. Failure to show cause by July 21, 2011, will result in summary dismissal of the petition for a writ of habeas corpus on initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.